IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-mc-00022-MR

| | |
|---|---|
| **IN RE:** ) | |
| **MATTER OF** ) | **O R D E R** |
| **JONI RAMO ANTONELLI &** ) | |
| **JONATHAN DAVID CROSS.** ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on the "Miscellaneous Filing" filed by the Petitioners Joni Ramo Antonelli and Jonathan David Cross. [Doc. 1].

On August 8, 2022, the Petitioners commenced the present miscellaneous action by filing a "Miscellaneous Filing." [Doc. 1]. In this filing, which is largely incomprehensible, the Petitioners assert that they "must Appear at Henderson County Courthouse on August 9, 2022; and require Right(s) to Trial by Jury, be uphold to Stop Colluder(s) in-Collusion, from continuing to steal from Private Trust now and from approximate last Nine (9) and Half (1/2) Year(s)." [Id. at 1]. They further assert that they "have both been unlawfully abduct[ed] multiple Time(s), for no Wrong done, to use Threat and Violence, to persuade us from Belief we are Sun and Daughter of Sovereign Creator; bless with Right(s)." [Id.]. They conclude that they "preemptively file in Peace; to inform this Court, that Next Friend and Retinue

we Trust, will move Writ to restore our Freedom, Should we be abduct[ed] for Exercise of Right(s), and we Pray to our Sovereign Creator, Federal Court will Adjudicate and Witness Writ within Seventy-two (72) Hour(s), as prescribe[d] by Law." [Id.].

The Petitioners' filing is frivolous, irrational and unintelligible. As such, their filing is legally baseless and presents no cognizable basis upon which the Court can grant any relief. A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("Legally frivolous claims are based on an 'indisputedly meritless legal theory' and including 'claims of infringement of a legal interest which clearly does not exist.'"). The Court has inherent authority to dismiss a frivolous action *sua sponte.* See Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) (noting that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid") (citing Mallard v. United States Dist. Ct. for S.D. of Iowa, 490 U.S. 296, 307-08 (1989)). Accordingly, in the exercise of its discretion, the Court will dismiss this action as frivolous.

The Petitioners are advised that litigants do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, successive, abusive or vexatious actions. See Demos v. Keating, 33 F. App'x 918, 920 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2002); In re Vincent, 105 F.3d 943, 945 (4th Cir. 1997). District courts have inherent power to control the judicial process and to redress conduct which abuses that process. Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001).

The Petitioners are hereby informed that future frivolous filings will result in the imposition of a pre-filing review system. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004); Vestal v. Clinton, 106 F.3d 553, 555 (4th Cir. 1997). If such a system is placed in effect, pleadings presented to the Court which are not made in good faith and which do not contain substance, will be summarily dismissed as frivolous. See Foley v. Fix, 106 F.3d 556, 558 (4th Cir. 1997). Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings. In re Martin–Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984).

**IT IS, THEREFORE, ORDERED** that the Petitioners' "Miscellaneous Filing" [Doc. 1] is **DISMISSED** as frivolous.

The Clerk of Court is respectfully directed to close this civil action.

**IT IS SO ORDERED.**

Signed: August 16, 2022

Martin Reidinger
Chief United States District Judge